Gerald Grunsfeld, Esq.
Lazar Grunsfeld Elnadav LLP
1795 Coney Island Avenue
Brooklyn, NY 11230
Telephone: (718) 947-7476
*Attorneys for Plaintiff*


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DREAMGRO ENTERPRISES, LLC

                         Plaintiff,

              against-

                         Defendant.

CUTIE PIE BABY, INC.

**COMPLAINT**

(JURY DEMANDED)

Index No.

        Plaintiff, by its attorneys, LAZAR GRUNSFELD ELNADAV LLP, as and for a Complaint,
complaining of the Defendants herein allege, upon information and belief, as follows:

### THE PARTIES AND JURISDICTION

        1.      Plaintiff, DREAMGRO ENTERPRISES, LLC ("DREAMGRO") is a privately held
apparel company, based in New York City, owned by three partners, one of whom is Jack Yedid.

        2.      Defendant,  CUTIE PIE BABY, INC., ("CUTIE PIE") is a privately held infant-
apparel company, based in New York City, whose principal owner and CEO is Eli Yedid.

        3.      The Court has personal jurisdiction over CUTIE PIE because it is headquartered in
Manhattan, New York.

        4.      The Court has subject jurisdiction pursuant to 28 U.S. §1331 as this matter involves
a Federal question.

        5.      Eli Yedid is Jack Yedid's younger brother.

        6.      CUTIE PIE was started by Jack and his parents, Simon and Sandra Yedid.

        7.      A few years later, Eli Yedid also joined CUTIE PIE.

**ELI YEDID'S HISTORY OF ATTACKING HIS BROTHER JACK YEDID**

8.      A few years before Simon Yedid passed away, Eli Yedid was able to turn his father against Jack, such that Simon and Eli ousted Jack as a director of CUTIE PIE.

9.      Because Simon and Eli Yedid did not have a valid basis to out Jack, and because the manner of the ouster did not comply with CUTIE PIE's operating agreement, Jack filed an arbitration claim against Simon and Eli Yedid in 2019.

10.     The aforesaid arbitration lasted two years and comprised dozens of depositions and hearings.

11.     Jack prevailed in said arbitration claim and the arbitration Order required Eli Yedid to pay Jack Yedid a total of approximately ten million dollars.

12.     On July 27, 2021, the New York Supreme Court, New York County, upheld and confirmed the arbitration award despite vigorous opposition from Eli Yedid.

13.     On March 24, 2022, Simon Yedid died.

14.     Subsequent to Simon Yedid's death, Jack Yedid discovered that Eli Yedid had committed a slew of improper and illegal acts so as to ensure Jack Yedid received virtually nothing from their father's estate/trusts.

15.     As such, since 2021, Eli and Jack Yedid have been engaged in ongoing litigation, venued in both New York Surrogate's Court and New York Supreme Court, regarding the distribution of Simon Yedid's estate and trust assets.

**THE BLUEBERRY ORGANICS AND MILKBERRY BRANDS**

16.     Subsequent to Eli Yedid illegally and improperly ousting him from CUTIE PIE, Jack Yedid has started several successful and profitable new businesses.

17.     Beginning in approximately March 2023, Jack Yedid and his DREAMGRO company began designing, marketing and manufacturing a new line of infant-wear and accessories made of organic cotton, under the brand name BLUEBERRY ORGANICS.

18.     At the time Jack Yedid and DREAMGRO began using Blueberry Organics in commerce, they had not heard of MILKBERRY.

19.     Jack Yedid and DREAMGRO first learned about MILKBERRY several months after DREAMGO first began using Blueberry Organics in commerce.

20.     When Jack Yedid and DREAMGRO did learn of MILKBERRY,  they did not think there was any possibility that customers might get confused between the MILKBERRY brand and the BLUEBERRY ORGANICS brand, because BLUEBERRY ORGANICS only

has five out of its seventeen letters in common with MILKBERRY.

21.     Furthermore, while BLUEBERRY ORGANICS sells clothing for babies, made from organic cotton, (*Exhibit A*), CUTIE PIE's website indicates that the MILKBERRY brand is used on children's pajamas made of bamboo (*Exhibit B*).

22.     Furthermore, the BLUEBERRY ORGANICS hangtags state that the brand is owned by DREAMGRO.

23.     No reasonable consumer seeing both products would be confused into believing that the products were owned by the same company, or that the two brands are associated with each other.

**ELI YEDID CONTINUES HIS LIFE-LONG PATTERN OF
ATTACKING HIS BROTHER JACK YEDID**

24.     On March 20, 2024, CUTIE PIE's counsel sent DREAMGRO a cease-and-desist notice, claiming that the BLUEBERRY ORGANICS mark infringes the MILKBERRY mark, in violation of 15 U.S.C. §1114 and 15 U.S.C. §1125(a)(1)(A).

25.     The aforesaid notice alleges that CUTIE PIE has been using the MILKBERRY mark in commerce since April 2023, and demands that DREAMGRO immediately stop using the "BLUEBERRY" mark; recall all products bearing the BLUEBERRY mark; and provide CUTIE PIE with an accounting of its sales from products bearing the BLUEBERRY mark.

26.     The notice gives DREAMGRO until April 2, 2024, to confirm compliance with the cease-and-desist notice, and threatens to enforce CUTIE PIE's rights if such confirmation is not provided, including filing suit against DREAMGRO.

27.     It is clear from the content and tone of the letter that unless DREAMGRO provides CUTIE PIE with the requested confirmation by April 2, 2024, CUTIE PIE intends to file a trademark infringement lawsuit against DREAMGRO in the next few days.

28.     It is equally clear that such a lawsuit would be baseless and would be grounded, solely in ELI YEDID's senseless desire to destroy his brother Jack Yedid.

29.     As such, DREAMGRO  has no choice but to ask the Court for Declaratory Judgement that its use of the BLUEBERRY ORGANIC/BLUEBERRY mark does not infringe the MILKBERRY mark.

<u>**FIRST CAUSE OF ACTION**</u>
**(DECLARATORY RELIEF: NON-INFRINGEMENT**)

30.     Plaintiff repeats the prior allegations as if fully set forth herein.

31.     An actual and present controversy exists under 15 U.S.C. §§ 1114 and 1125 between Plaintiff and Defendant concerning Plaintiff's right to continue to use the BLUEBERRY/BLUEBERRY ORGANICS marks.

32.     Said controversy requires a declaration of rights by this Court.

33.     Plaintiff seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that its use of the BLUEBERRY/BLUEBERRY ORGANICS marks, does not infringe, dilute or violate Defendant's rights under the trademark laws of the United States, including 15 U.S.C. §§ 1114 and 1125, or any other right of Defendant.

**WHEREFORE**, Plaintiff requests the following relief from the Court:

**a)**  Declaratory Judgment that its use of the BLUEBERRY/BLUEBERRY ORGANICS marks, does not infringe, dilute or violate Defendant's rights under the trademark laws of the United States**;**

**b)**  An award of attorneys' fees and costs.

**c)**  Such further and different relief this Court deems proper.

Dated: Brooklyn, New York
          April 2, 2024

Lazar Grunsfeld Elnadav LLP

s/  <u>Gerald Grunsfeld</u>
     Attorneys for Plaintiff

1795 Coney Island Avenue
Brooklyn, NY 11230
(718) 947-7476
Gerry@LGELaw.com